IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERRY MADDOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 1:04cv662-SRW |
| ) | |
| JO ANNE B. BARNHART, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF OPINION**

Terry Maddox brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income and disability insurance benefits under the Social Security Act. The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). Upon review of the record and briefs submitted by the parties, the court concludes that the decision of the Commissioner is due to be affirmed.

**BACKGROUND**

On September 30, 2002, plaintiff filed an application for disability insurance benefits and Supplemental Security Income. On May 15, 2003, after the claim was denied at the initial administrative levels, an ALJ conducted an administrative hearing. The ALJ rendered a decision on August 18, 2003, in which he found that plaintiff was not under a disability as defined by the Social Security Act. On May 17, 2004, the Appeals Council denied plaintiff's

request for review and, accordingly, the decision of the ALJ became the final decision of the Commissioner.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The court does not reweigh the evidence or substitute its judgment for that of the Commissioner. Rather, the court examines the administrative decision and scrutinizes the record as a whole to determine whether substantial evidence supports the ALJ's factual findings. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Substantial evidence consists of such "relevant evidence as a reasonable person would accept as adequate to support a conclusion." Cornelius, 936 F.2d at 1145. Factual findings that are supported by substantial evidence must be upheld by the court. The ALJ's legal conclusions, however, are reviewed *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis, 985 F.2d at 531. If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. Cornelius, 936 F.2d at 1145-46.

## DISCUSSION

The plaintiff challenges the Commissioner's decision, arguing that it should be reversed because: (1) the decision is not supported by substantial evidence, (2) the requirements for determining whether an impairment is severe were misapplied, (3) the ALJ erred by concluding that plaintiff is capable of a full range of light work, (4) the ALJ erred

2

by rejecting plaintiff's subjective allegations, and (5) the ALJ erred by failing to obtain testimony from a vocational expert. In addition, plaintiff maintains that, even if the ALJ's decision is not reversed, the case should be remanded to the ALJ for consideration of newly discovered evidence. After careful review, the court finds that these claims are without merit.

1.      Substantial evidence

Plaintiff's first contention is that the ALJ's decision is not supported by substantial evidence. However, plaintiff's discussion of this claim consists only of a brief, general statement of law without any specific argument. Pursuant to the court's July 12, 2004 scheduling order, this issue will not be considered by the court. See Order, Doc. # 3, ¶ 2)(requiring *specific* identification of issues and advising that issues not properly identified will not be considered by the court); id. at 2, n. 1 ("[G]eneral statements of issues such as 'the ALJ's decision is not supported by substantial evidence' will not be considered by the court.").

2.      Severity of impairments

Plaintiff maintains that the ALJ erred in determining that he suffered from only two severe impairments: chronic pulmonary insufficiency and hypertension. Plaintiff contends that the ALJ should have added to this list depression, anxiety, degenerative joint disease, arthritis, migraine headaches, and arthralgia.

"An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to

3

work, irrespective of age, education or work experience. Claimant need show only that her impairment is not so slight and its effect is not so minimal." McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986); see also Williams v. Barnhart, 186 F.Supp.2d 1192, 1197 (M.D. Ala. 2002)(same). To put this another way, "[t]he Act defines a non-severe impairment as an impairment or combination of impairments that 'does not significantly limit ... physical or mental ability to do basic work activities.'" Williams v. Barnhart, 140 Fed.Appx. 932, 934 (11th Cir. 2005) (20 C.F.R. § 404.1521(a)).

With regard to depression and anxiety, the ALJ found that plaintiff did not suffer from any severe mental impairment during the relevant period. R. 23. The ALJ discussed plaintiff's mental health treatment at some length in his decision, R. 21-23, and drew his conclusions concerning plaintiff's mental health based on "the episodic nature of the claimant's purported depression and anxiety, the lack of any sustained pharmacological regimen to address such conditions and the absence of any clinical findings demonstrating the presence of any functional limitation due to depression and anxiety...." R. 32. In addition, the ALJ noted that "[t]he claimant reported that he is able to care for his own personal needs without assistance, that he is able to prepare and cook meals, do his own shopping, care for his daughters, and he is able to drive an automobile without any impairment in his ability to concentrate." Id. Upon its independent review of the record, the court finds that substantial evidence supports the ALJ's findings concerning plaintiff's mental status.

Similarly, the court cannot conclude that plaintiff's complaints of degenerative joint

4

disease, arthritis, migraine headaches, and arthralgia (joint pain) represent severe impairments in the sense that they limit plaintiff's physical ability to do basic work activities. Although plaintiff has certainly complained of these conditions at various times, the court has carefully reviewed plaintiff's record and has found no objective medical evidence specifically supporting his contention that these conditions, to the extent that plaintiff does suffer from them, actually interfere with his ability to work.

3.   Residual functional capacity

Plaintiff contends that "due to the fact that the ALJ did not consider the obviously severe impairments" discussed in the previous section, "he did not take into account all the limitations from which Mr. Maddox is suffering." Plaintiff's brief at 10.  Thus, plaintiff maintains, he is in fact limited to "far less than a full range of light work as was asserted by the ALJ due to a combination of severe mental and physical impairments." Id.

However, the fact that the ALJ did not find some of plaintiff's impairments severe does not mean that he did not take them into account in determining plaintiff's Residual Functional Capacity (RFC).  Indeed, the ALJ was obliged to consider all of plaintiff's medically determinable impairments, whether or not severe, in assessing his RFC.  See 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe'" in assessing RFC.").  The RFC assessment is made "'based on all the relevant medical and other evidence' in the case." McCloud v. Barnhart, 166 Fed.Appx. 410, 416 n. 4 (11th Cir. 2006) (unpublished) (citing 20 C.F.R. § 404.1520(e)).

In the instant case, the ALJ specifically acknowledged his obligation to consider all of plaintiff's symptoms, including pain, to the extent to which these symptoms could reasonably be accepted as consistent with the objective medical evidence, as well as any medical opinions from acceptable medical sources, in determining plaintiff's RFC. R. 24. The ALJ thoroughly discussed the relevant medical and other evidence in this case prior to making his RFC finding, including evidence relating to non-severe impairments. R. 19 -24. With regard to the RFC finding itself, "[t]he ALJ [was] not required to specifically assign functional limitations to each impairment and address them individually, and he [was] certainly not required to discuss limitations of which there [was] no supporting evidence." See Dowdy v. Barnhart, 2005 WL 3841868, *4 (M.D. Ala. 2005) (slip opinion) (citing 20 C.F.R. § 404.1545(e)) (describing the RFC as an evaluation of the "total limiting effects" of the claimant's impairments)).

Upon its independent review of the evidence as a whole, the court concludes that the ALJ's determination that plaintiff has the residual functional capacity to perform basic work activities at the light exertional level is supported by substantial evidence.[1]

4.      Subjective allegations

Plaintiff argues that the Commissioner erred in rejecting plaintiff's subjective allegations. In the Eleventh Circuit, a claimant's assertion of disability through testimony of pain or other subjective symptoms is evaluated pursuant to a three-part standard. "The pain

---

[1] The ALJ accurately described this evidence as "Exhibit[] 8F; ... the consultative exam of Dr. Banner; ...the activities of daily living; and the treatment sought and received." R. 25.

standard requires '(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)(quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The standard also applies to complaints of subjective conditions other than pain." Holt, 921 F.2d at 1223. If this standard is met, the ALJ must consider the testimony regarding the claimant's subjective symptoms. Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992). After considering the testimony, the ALJ may reject the claimant's subjective complaints. However, if the testimony is critical, the ALJ must articulate specific reasons for rejecting the testimony. Id. "A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995).[2] "The credibility determination does not need

---

[2] See also Social Security Ruling 96-7p, 61 Fed. Reg. 34483-01 (July 2, 1996):

When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements. The finding on the credibility of the individual's statements cannot be based on an intangible or intuitive notion about an individual's credibility. The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision. It is not sufficient to make a conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

to cite "'"particular phrases or formulations'" but it cannot merely be a broad rejection which is '"not enough to enable [the court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole."'" Dyer, 395 F.3d at 1210 (citations omitted).

In this case, the ALJ discussed plaintiff's allegations of disabling pain as follows:

> In evaluating the claimant's allegations of totally disabling and uncontrollable pain, the Administrative Law Judge has considered all the evidence from his treating and consultative physicians, including the nature and severity of the impairments, the medical findings and opinions, complaints to the treating physicians and consultants, the medication taken, daily activities and testimony and observation of the claimant at the hearing.
>
> The Administrative Law Judge cannot be required to believe every allegation of pain, or else disability benefits would be available for the asking. This holds true even where the claimant introduces medical evidence showing that he has an ailment reasonably expected to produce some pain; many medical conditions produce pain not severe enough to preclude gainful employment. In this case, there is no X-ray evidence to document any underlying medically-determinable impairment that could be expected to produce such pain. It is also significant to note that no treating physician or examiner has placed any work-related limitations on the claimant as a result of any medical impairment.

R. 21. The ALJ also noted:

> The claimant's allegations of chronic pain and other related symptoms are credible with respect to their existence, but not as to the degree of severity. The claimant has had no hospitalizations for the pain alleged or referral to a pain clinic. The claimant's acknowledged ability to perform many daily activities tends to negate the credibility of his subjective complaints, especially with regard to the degree of pain and breathing difficulty he experiences. One who has the degree of multiple complaints that the claimant alleges, i.e., significant pain and severe depression and anxiety, would not reasonably be able to tolerate the level of concentration, degree of social interaction, and indeed the physical exertion that would be necessary to perform these daily activities.

R. 23.

The ALJ found that plaintiff suffered from "mild to moderate pain," R. 25, and determined that plaintiff could "stand and walk six hours in an eight-hour workday," and "sit for six hours in an eight-hour workday." R. 24.  However, the ALJ found that plaintiff is limited because of pain to "occasional use of leg controls and occasional climbing, stooping, crouching, crawling, kneeling or balancing."  R. 25.

Plaintiff contests the ALJ's findings in two respects.  First, he argues that three medical providers (Anna Owens, Dr. J. Walter Jacobs, and Alan Freet) have in fact placed work-related restrictions on plaintiff, contrary to the ALJ's conclusion.  Plaintiff's brief at 10-11. Second, plaintiff suggests that the fact that he is capable of minimal daily activities does not mean that he is not suffering from pain. Id. at 11. These arguments are without merit for the reasons that follow.

The opinion of Anna Owens, a certified registered nurse practitioner at the Dothan VA, cannot be considered by this court.  Owens wrote a letter on September 15, 2003, indicating that plaintiff

> has the following diagnosis: COPD, DMII, HTN, hyperlipidemia, migraine HA, tobacco abuse, anxiety, depression.  Due to these conditions he has several limitations including inability to walk farther than 200 ft without stopping to rest, unable to climb stairs or carry objects > 25 lbs due to shortness of breath associated with COPD.  He also is unable to do aerobic activities, which could exacerbate his COPD and increase his blood pressure.  He is a newly diagnosed diabetic who is taking large amounts on [sic] insulin to control blood glucose and has to be able to get nourishments [sic] quickly when needed.  He has neuropathy in feet and has difficulty walking at times, uses a cane for steady ambulation and he does not need to be barefooted or wear sandals.

R. 9.  This letter was submitted to the Appeals Counsel, but not to the ALJ, who rendered his

9

decision on August 18, 2003. R. 7, 14. The Appeals Council considered this evidence, but found that the letter did not provide a basis for changing the decision of the ALJ. R. 4-5. Plaintiff has not appealed the Appeals Council's decision to deny review on this ground. Thus, the court may look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision concerning plaintiff's subjective complaints is supported by substantial evidence. Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998). In addition, plaintiff has not argued in his brief that this case should be remanded to the ALJ under sentence six of 42 U.S.C. §405(g) for consideration of the Owens letter as newly discovered evidence relating to plaintiff's subjective allegations. See id.[3]

The ALJ also did not err in assessing Dr. J. Walter Jacobs' evaluation. Dr. Jacobs, a psychologist who examined plaintiff only once, on December 19, 2002, did not in fact place any work-related restrictions on plaintiff. Dr. Jacobs' evaluation simply reflects plaintiff's own report that "[h]e has difficulty walking because of pain in his leg. Mr. Maddox states that he has to stop and rest four or five times in walking a quarter of a mile." R. 211. Hence, Dr. Jacobs noted, "one would infer that his activities are very restricted because of his medical problems." Id. Dr. Jacobs also observed – again, apparently based

---

[3] Further, this letter does not meet the standard for such a remand, as plaintiff has not established good cause for his failure to obtain and submit this evidence at the administrative level. See Falge, 150 F. 3d at 1323. Also, to the extent that Owens' letter addresses any new medical conditions, it is not clear whether or not it relates to the time period for which benefits were denied. See Sullivan v. Apfel, 2000 WL 1568330, *8 (S.D. Ala. 2000) (unpublished) ("An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition.").

on plaintiff's own report – that plaintiff "is aggressively treated with medication for depression and anxiety, but his medical problems appear to be rather severe and progressing."  R. 212.  These comments do not constitute a determination by a treating physician or examiner that plaintiff has work-related limitations as a result of any medical impairment, as Dr. Jacobs is neither a treating physician, nor a doctor who is in a position to draw conclusions concerning plaintiff's medical problems other than his mental health.  Further, Dr. Jacobs' comments do not specifically address plaintiff's ability to work and are not based on an independent review of plaintiff's medical records but, instead, merely rely on plaintiff's own report of his health.  See also R. 21-22 (finding by ALJ that Dr. Jacobs' report is inconsistent with plaintiff's Daily Activities Questionnaire and his treatment records).

Alan Freet's report also fails to convince the court that the ALJ erred in stating that no treating physician or examiner has placed any work-related limitations on the claimant as a result of any medical impairment.  Freet, a licensed professional counselor in Troy, Alabama, conducted an evaluation of plaintiff on February 1, 2003.[4]  Freet's evaluation records a number of subjective symptoms (e.g., paranoia, irregular sleep cycles, visual occurrences in dreams, anxiety, etc.) and medical problems reported by plaintiff.  The evaluation indicates generally that plaintiff's profile on the MCMI-III is "characterized with [sic] someone with severe to chronic problems that affect him in his family, social, and any

---

[4] Freet's report was submitted to the ALJ by plaintiff's counsel. R. 242.

11

employment settings," R. 244, but this statement does not set out any specific work-related limitations. Further, based on plaintiff's self-reports, Freet concluded:

> Terry has high blood pressure, COPD, and other medical related health issues. He is extremely aggravated by the multiple combination of health and mental health issues that affect him in his family functioning, health functioning, social functioning, and work-related functioning. I believe no employer would hire Mr. Maddox with his many health and mental health related issues. Mr. Maddox should be considered unemployable at this time.

R. 245. Again, in making these statements, Freet did not place any specific work-related limitations on the plaintiff – that is, he did not indicate the tasks or activities plaintiff cannot perform – as a result of any medical impairment. Further, Freet is not a treating physician or examiner, and his report does not explain how his conclusory statements concerning whether or not plaintiff is employable are supported by objective medical evidence. See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir.1986) (The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments); Blake v. Massanari, 2001 WL 530697, *9 (S.D.Ala. 2001) (A medical opinion that the plaintiff is disabled or unable to work is not entitled to any special weight, because that issue is reserved for the Commissioner); see also R. 22-23 (finding by ALJ that Freet's conclusions are based on self-report and are unsupported by the record). Thus, the ALJ's statement that "[i]t is also significant to note that no treating physician or examiner has placed any work-related limitations on the claimant as a result of any medical impairment" is not erroneous, and is supported by substantial evidence. R. 21.

Plaintiff also disagrees with what he describes as the ALJ's presumption that "since Mr. Maddox participates in some daily activities that he must not be suffering from pain or the mental effects of depression or anxiety." Plaintiff's brief at 11. In this regard, plaintiff appears to be referring to the ALJ's comment that

> [b]ased on Dr. Jacobs' report, one would infer that the claimant's activities were very restricted because of his medical problems. That conclusion is hardly consistent with the picture painted by the claimant on the Daily Activities Questionnaire, Exhibit 5E, completed only two months earlier. The claimant noted that he cared for his own personal needs most of the time; he prepared and cooked meals occasionally; he performed routine household chores; he did his games on the computer without any difficulty with concentration. He indicated that he walked or drove to the store or a friend's home; he visited with family and friends two or three times a week; and he sat on a pier and fished.

R. 22. In addition, the ALJ noted that "if there was evidence of bipolar disorder, which caused any of the limitations contained in Mr. Freet's report, the claimant would be capable of virtually no activities. The record as a whole and the claimant's appearance and demeanor at the hearing does not support such a finding." R. 23.

Plaintiff has mis-characterized the ALJ's statements. The comments cited above do not suggest that the ALJ concluded that plaintiff must not be suffering from pain or the mental effects of depression or anxiety because he participates in some daily activities. Instead, the ALJ simply found plaintiff's activities inconsistent with the *degree* of pain and other subjective symptoms he alleged. As the ALJ explained:

> The claimant's allegations of chronic pain and other related symptoms are credible with respect to their existence, but not as to the degree of severity. The claimant has had no hospitalizations for the pain alleged or referral to a pain clinic. The claimant's acknowledged ability to perform many daily

> activities tends to negate the credibility of his subjective complaints, especially with regard to the degree of pain and breathing difficulty he experiences. One who has the degree of multiple complaints that the claimant alleges, i.e., significant pain and severe depression and anxiety, would not reasonably be able to tolerate the level of concentration, degree of social interaction, and indeed the physical exertion that would be necessary to perform these daily activities.

R. 23.

The ALJ was required to consider plaintiff's daily activities in assessing his credibility. See Johnson v. Barnhart, 268 F.Supp.2d 1317, 1328 (M.D. Fla. 2002) (citing 20 C.F.R. §§ 404.1529(c)(3)(i); 416.929(c)(3)(i); SSR 96-7p.). Here, the ALJ permissibly considered plaintiff's own account of those activities, which led him to conclude that those activities were inconsistent with totally disabling subjective symptoms. This reason was a specific and adequate reason for the ALJ to discredit Plaintiff's testimony, and it was supported by substantial evidence. See R. 93-97(daily activities questionnaire); see also Johnson, 268 F.Supp.2d at 1328; cf. Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005) (Where ALJ articulated specific reasons for failing to give a physician's opinion controlling weight, which included the physician's failure to account for claimant's diverse daily activities, the court declined to re-weigh the evidence and found no reversible error).

Thus, the court finds no error in the ALJ's assessment of plaintiff's subjective allegations.

5.  Vocational expert

Plaintiff contends that the ALJ failed in his duty to obtain testimony from a vocational

expert concerning plaintiff's non-exertional impairments. However, because the ALJ concluded that plaintiff is capable of performing his past relevant work as a sales associate, testimony from a vocational expert was not necessary.  R. 25; Lucas v. Sullivan, 918 F. 2d 1567, 1573 n. 2 (11th Cir. 1990); see also Hennes v. Commissioner of Social Sec. Admin, 130 Fed.Appx. 343, 346 (11th Cir. 2005) (unpublished) (VE testimony is not required in determining whether a claimant can perform her past relevant work.); Smitherman v. Massanari,149 F.Supp.2d 1303, 1308 (M.D. Ala. 2001) (Because the ALJ found that the claimant was able to perform her past work, he was not required to call a VE to support his determination.).  Thus, the ALJ did not err in choosing not to secure testimony from a vocational expert.

6.     Newly discovered evidence

Finally, plaintiff argues that this case should be remanded for the ALJ to consider new evidence in the form of a letter, a clinical assessment of pain, and a physical capacities evaluation dated May 27, 2004 from Dr. Clark Riley of the Enterprise Medical Clinic (attached to plaintiff's brief).  In the letter, Dr. Riley indicates that plaintiff "definitely is unable to perform any job on a full-time basis" because of multiple medical problems and chronic pain.  The medical problems noted by Dr. Riley include chronic bronchitis, reflux, chronic sinusitis, arthritis, insomnia, high cholesterol, peptic ulcers, high blood pressure, headaches, bipolar disorder, peripheral neuropathy, and diabetes.  Dr. Riley's pain assessment notes that plaintiff's pain is "intractable and virtually incapacitating this individual," that physical activity greatly increases his pain "to such a degree as to cause

15

distraction from tasks or total abandonment of task," and that "[d]rug side effects can be expected to be severe and to limit effectiveness due to distraction, inattention, drowsiness, etc." The physical capacities evaluation concludes, *inter alia*, that plaintiff can stand or walk zero hours during an eight hour day, and he is likely to be absent from work more than four days per month. Dr. Riley's letter indicates that if plaintiff takes all of his medications correctly, most of his conditions "can be controlled to a point," but plaintiff needs Social Security benefits to afford all of his medications.

To be entitled to remand for consideration of newly discovered evidence, plaintiff must show that "'(1) new, noncumulative evidence exists, (2) the evidence is material such that a reasonable probability exists that the new evidence would change the administrative result, and (3) good cause exists for the [claimant's] failure to submit the evidence at the appropriate administrative level.'" Gibbs v. Barnhart, 156 Fed.Appx. 243, 247 (11th Cir. 2005) (quoting Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir.1998)). "The new evidence must relate to the time period on or before the date of the ALJ's decision." Id. (citing 20 C.F.R. § 404.970(b)).

The ALJ rendered his decision in this case on August 18, 2003, and Dr. Riley's letter and evaluation are dated more than eight months later. Some of Dr. Riley's comments do appear to relate to the period on or before the date of the ALJ's decision – for example, Dr. Riley states that plaintiff's most serious condition is his diabetes, and that his blood sugar was approximately eight times the normal level on July 7, 2003, more than a month before

16

the decision.[5] However, plaintiff has not established good cause for his failure to submit this evidence at the appropriate administrative level, even assuming that the evidence is non-cumulative and relates to the relevant time period.[6]

While the non-existence of evidence at the time of the ALJ's decision may constitute good cause for such a failure, the Eleventh Circuit has concluded that the good cause requirement reflects a congressional determination to prevent the bad faith manipulation of the administrative process. Blake v. Massanari, 2001 WL 530697, *9 (S.D.Ala. 2001) (citing Milano v. Bowen, 809 F.2d 763, 767 (11th Cir. 1987)); see also Beech v. Apfel, 100 F.Supp.2d 1323, 1335-1336 (S.D. Ala. 2000). The good cause requirement was designed to prevent claimants from attempting to withhold evidence or encouraging them to seek after-acquired evidence, and then use such evidence as an unsanctioned "backdoor" means of appeal. Id. The good cause standard must be applied in light of this purpose. Id. Thus, for example, good cause is not present if the plaintiff procrastinated in obtaining copies of evidence readily obtainable. Blake, *supra*, (citing Caulder v. Bowen, 791 F.2d 872, 879 (11th

---

[5] Dr. Riley also wrote that he treated plaintiff successfully with insulin as an outpatient, and that he continues his insulin to this day. Further, the court notes that, in order to be material, the new evidence must pertain to a condition that the plaintiff listed in his applications at the administrative level as a source of his disability. Walters v. Barnhart, 184 F.Supp.2d 1178, 1185-1186 (M.D. Ala. 2001). Diabetes is not listed as an impairment on plaintiff's application for benefits. R. 65.

[6] Dr. Riley indicated that the last time he saw plaintiff was on April 29, 2004. It is not clear from his letter which of his conclusions apply to plaintiff's pre-August 2003 conditions. "[I]n order to be material, the new evidence must 'contai[n] a medical opinion on the presence of the impairment during the time period for which benefits are sought.'" Blake v. Massanari, 2001 WL 530697, *9 (S.D.Ala. 2001).

Cir. 1986)).

In this case, plaintiff contends in his reply brief that "there is good cause for failure to submit the evidence at the administrative level because the evidence did not exist at the administrative level.  In his letter, Dr. Riley apologizes for not having replied sooner but his letter was issued on May 27, 2004 which was well after the ALJ's decision of August 18, 2003."  Plaintiff's reply brief at 7.  However, even if Dr. Riley were late in responding to an inquiry by plaintiff, it is difficult for the court to believe that he was eight months late (or more), and plaintiff has presented no evidence or argument that he requested the information from Dr. Riley in a timely manner – that is, before the date of the ALJ's decision.  As the letter notes, Dr. Riley began treating plaintiff on August 15, 2002, and plaintiff suggests no reason that he could not have obtained his opinion at any time prior to the ALJ's decision.  See Fremd v. Barnhart, 412 F.Supp.2d 1245, *1259 (M.D. Ala. 2005) (Plaintiff offers no reason that evidence could not have been gathered and produced at the appropriate time in the administrative process.). Absent any persuasive reason for plaintiff's failure to acquire and present Dr. Riley's evidence in a timely fashion, the court must conclude that plaintiff has failed to establish the essential elements for obtaining a remand to consider new evidence.  See Blake, 2001 WL 530697 at *10 (S.D.Ala. 2001); Beech, 100 F.Supp.2d at 1336.

## CONCLUSION

Thus, upon review of the record as a whole, the court concludes that the ALJ's decision is due to be AFFIRMED.  A separate judgment will be entered.

DONE, this 16th day of June, 2006.

                                               /s/ Susan Russ Walker
                                               SUSAN RUSS WALKER
                                               UNITED STATES MAGISTRATE JUDGE